IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | CRIMINAL NO.  17-257 |
| CLEMENTE MARTINEZ-LOPEZ : | |

**UNITED STATES' SENTENCING MEMORANDUM**

Clemente Martinez-Lopez, a native and citizen of Mexico, illegally reentered the United States after having been previously deported.   Martinez-Lopez did not seek the required permission to apply for admission to this country.   For these reasons, as well as for the reasons provided below, the government recommends a custody sentence within the advisory guideline range of 10-16 months.   The Court has scheduled Martinez-Lopez's sentencing hearing for Tuesday, October 3, 2017 at 10:00 A.M..

I.      BACKGROUND

On June 21, 2017, Martinez-Lopez pleaded guilty to one count of illegal reentry following deportation, in violation of 8 U.S.C. § 1326, without a plea agreement.   During his plea colloquy, in confirming to the Court the accuracy of the government's factual statement, the defendant admitted that he was found in the United States on April 19, 2017, that he was a native and citizen of Mexico, and that he had been previously deported on February 27, 2009 and

-1-

October 11, 2012.    The defendant also acknowledged that he had not applied for permission to reenter the United States.

Martinez-Lopez told the Immigration official that he returned to the United States from Mexico in 2013.   On April 19, 2017, ICE deportation officers had identified Martinez-Lopez as a deportable alien and on that day arrested him.   ¶ PSR ¶¶ 7-8.

SENTENCING CALCULATION.

A.      Statutory Maximum Sentence.

The statutory maximum sentence that the court may impose here is ten years imprisonment, a $250,000 fine, three years of supervised release, and a $100 special assessment.

B.      Sentencing Guidelines Calculation

The Presentence Report correctly sets forth the guideline calculation as follows:

| | | |
|---|---|---|
| 2L1.2(a) | 8 | Base offense level |
| 2L1.2(b)(2)(D) | +4 | Prior felony before first removal |
| 3E1.1(a) | -2 | Acceptance of responsibility |
| TOTAL | 10 | |

PSR ¶¶ 16-26.

The presentence report properly determined that Martinez-Lopez had four criminal history points, and is in criminal history category III.   PSR ¶ 37.   His sentencing guideline range is therefore **(10, III) = 10-16 months**.   PSR ¶ 67.

Once the Court has properly calculated the guideline range, the Court must next consider all of the sentencing considerations set forth in Section 3553(a).   Those factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . issued by the Sentencing Commission . . . that . . . is in effect on the date the defendant is sentenced; . . .

(5) any pertinent policy statement . . . issued by the Sentencing Commission . . . that . . . is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).[1]

---

[1] Further, the "parsimony provision" of Section 3553(a) states that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."  The Third Circuit has held that "district judges are not required by the parsimony provision to routinely state that the sentence imposed is the minimum sentence necessary to achieve the purposes set forth in § 3553(a)(2). . . . '[W]e do not think that the "not greater than necessary" language requires as a general matter that a judge, having explained why a sentence has been chosen, also explain why some lighter sentence is inadequate.'"  United States v. Dragon, 471 F.3d 501, 506 (3d Cir. 2006) (quoting United States v. Navedo-Concepcion, 450 F.3d 54, 58 (1st Cir. 2006)).

A full review of all pertinent factors supports the conclusion that a sentence within the guideline sentencing range is appropriate in this case.

### III. ANALYSIS.

    A    <u>Application of the § 3553(a) Factors</u>.

Section 3553(a)(4) and (5) specifically direct the Court to consider the applicable guidelines, and Section 3553(a)(6) commands that the Court strive to avoid disparity in sentencing, which, as explained above, is best accomplished through faithful application of the guidelines.  The other 3553(a) factors also point to this conclusion.

The defendant engaged in a significant offense.  As an alien, he was not entitled to remain in the United States, and was not permitted to come to this country without permission.  By entering this country illegally, Martinez-Lopez sought to pierce the border integrity this country seeks to maintain.  He was twice previously deported and he re-entered without permission to do so after each deportation.  His crime falls squarely within the class of cases to which the applicable guidelines are addressed, and thus consideration of the nature of the offense, § 3553(a)(1), counsels in favor of the guideline sentence.

Given Martinez-Lopez's offense in reentering the United States after deportation, deterring further similar conduct and promoting respect for the law become significant factors in his sentencing.  A Guidelines sentence will accomplish both purposes and is an appropriate imposition here.

A significant sentence is called for to deter future re-entry violations by this defendant.  He has twice reentered after being deported.  The fact of a prison sentence here, and the prospect of an even more severe sentence if he illegally re-enters the United States again, will deter Martinez-Lopez from reoffending.  There may also be some deterrent effect on others by knowing that United States Courts will impose custody sentences for illegal re-entry.

There is no need in this case to adjust the sentence in order "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . ."  § 3553(a)(2)(D).  Also, restitution is not an issue in this case.  § 3553(a)(7).

With respect to supervised release, the Guidelines counsel that "[t]he court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment."  U.S.S.G. §5D1.1(c); PSR ¶71.  There is no need to impose a term of supervised release here.

## Conclusion

Therefore, in sum, all of the appropriate considerations of sentencing favor the imposition in this case of a within-guidelines sentence.   For all of these reasons, the government respectfully recommends that the Court sentence the defendant within the guideline range of 10-16 months.

        Respectfully submitted,

        LOUIS D. LAPPEN
        Acting United States Attorney


        ___/s/ Albert S. Glenn_____
        ALBERT S. GLENN
        Assistant United States Attorney


Dated:     September 25, 2017

## CERTIFICATE OF SERVICE

I certify that on this day I caused a copy of

**UNITED STATES' SENTENCING MEMORANDUM**

to be served by electronic filing and electronic notice, and by U.S. Mail, to the following:

Maria Pedraza
Assistant Federal Defender
Defender Association of Philadelphia, Federal Court Division
601 Walnut Street, Suite 540 West
Philadelphia, PA 19106

Jacqueline Widmeier
Senior United States Probation Officer
United States Courthouse
504 West Hamilton Street,
Allentown, PA 18101

                                          *s/ Albert S. Glenn*
                                          ALBERT S. GLENN
                                  Assistant United States Attorney

Date:    September 25, 2017